JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-01758-RGK-JC | Date | March 14, 2023 |
|---|---|---|---|
| Title | *Ana Barahona v. TTI Outdoor Power Equipment, Inc., et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**         **(IN CHAMBERS) Order Remanding Action to State Court**

On December 7, 2022, Ana Barahona ("Plaintiff") filed a complaint against TTI Outdoor Power Equipment, Inc. and Home Depot USA, Inc. ("Defendants") alleging negligence, strict products liability, and negligent products liability premised upon a faulty leaf-blower that exploded and severed Plaintiff's finger. (*See* Notice of Removal, Ex. 1 ¶ 8, ECF No. 1-1.)

On March 8, 2023, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. (*See* Notice of Removal at 2, ECF No. 1.) Upon review of the Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of establishing that the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

Here, the Complaint does not allege the amount of damages that Plaintiff seeks. Rather, to show that the amount in controversy meets the jurisdictional threshold, Defendants make one argument: "Via information and belief, Plaintiff has pled damages that exceed the sum or value of $75,000, exclusive of interests and costs." (Notice of Removal at 3.) But a petition for removal is insufficient if it premises its allegations entirely upon information and belief, with no supporting factual allegations. *See, e.g.,* *Campbell v. Costco Wholesale Corp.*, 2011 WL 103963, at *1 (C.D. Cal. Jan. 11, 2011). And mere "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, because neither the "four corners

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-01758-RGK-JC | Date | March 14, 2023 |
|---|---|---|---|
| Title | *Ana Barahona v. TTI Outdoor Power Equipment, Inc., et al* | | |

of the Complaint nor the Notice of Removal contain sufficient allegations concerning . . . the amount in controversy," removal is improper. *Campbell*, 2011 WL 103963, at *2.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 23STCV00030

_____ : _____

Initials of Preparer                JRE/ap